## UNITED STATES *v.* MORRIS, Ex'r.[1]

*(District Court, E. D. Pennsylvania.  1886.)*

TAXATION—LEGACY TAX—ACT OF CONGRESS OF JUNE 30, 1864.
When a testator has abandoned his residence in this country, the legacies provided for by his will are not subject to the legacy tax provided for by the act of congress of June 30, 1864. *U. S.* v. *Hannewell,* 13 Fed. Rep. 617, followed.

Trespass on the case.

The jury found:

(1) Prior to the year 1866 the defendant's testator, Hartman Kuhn, was a citizen of the United States, and resided in the city of Philadelphia, in the state of Pennsylvania.

(2) In May, 1866, he abandoned his residence in Philadelphia, and went with his family to live in Europe, with the intention of permanently residing abroad.

(3) On January 23, 1870, the said Hartman Kuhn died at Rome, Italy, where he was domiciled at the time of his death.

(4) By his will the said Hartman Kuhn bequeathed one-third of his personal property absolutely to his wife, and the remaining two-thirds thereof to three trustees, in trust for his son, and of his said will the testator appointed his wife to be executrix and his brother and the defendant to be executors. The latter alone resided in the United States, and to him alone letters testamentary were, on the twenty-first day of February, 1870, granted by the register of wills for the county of Philadelphia aforesaid.

(5) The total net amount of the personal property of the said testator in the state of Pennsylvania which came into the hands of the defendant as executor was $110,256.80.

(6) On the fourteenth of March, 1871, the executor filed his final account in the office of the register of wills for the county of Philadelphia, which was duly audited and confirmed by the orphans' court of the said county, and the

[1] Reported by C. B. Taylor, Esq., of the Philadelphia bar.

balance of the personal property thereupon distributed to the legatee under the will.

(7) The succession tax due the United States was paid by the trustees in September, 1871, but the legacy tax on the personal property was not paid.

(8) The defendant in not paying the legacy tax acted under the advice of counsel, who so advised; and prior to such advice the commissioner of internal revenue had decided that "unless a testator who dies in a foreign country has a residence in the United States his legatees in this country are not subject to the legacy tax." The facts contained in this paragraph were communicated in 1871 to the collector of internal revenue of this district.

(9) The writ in this case issued October 3, 1879.

If upon the above facts the court shall be of opinion that the defendant is liable for the legacy tax upon the personal property of the said Hartman Kuhn, deceased, then the jury find for the plaintiff, and assess the damages at $735.04. If upon the above facts the court shall be of the opinion that the defendant is liable, not only to the said legacy tax, but also for the penalty for previous non-payment thereof, then the jury find for the plaintiff, and assess the damages at $1,087.84. If upon the above facts the court shall be of the opinion that the defendant is not liable for the said legacy tax, then the jury find for the defendant.

*John K. Valentine,* for the United States.
*William H. Rawle,* for defendant.

BUTLER, J. Under the facts stated in the special verdict the defendant is entitled to judgment. The testator having abandoned his residence in this country, and removed to Europe,—where he died,—the legacies provided for by his will are not affected by the act of congress of June 30, 1864. The case cannot be distinguished from *U. S.* v. *Hannewell,* 13 Fed. Rep. 617.

The clerk is therefore directed to enter judgment for the defendant.